Colin J. CHILD, through his guardian ad litem David Child; David Child, Guardian ad litem for David & Colin J. Child, Plaintiffs–Appellants,

v.

SAN BERNARDINO UNIFIED SCHOOL DISTRICT; Marlin Brown; Danny Tillman; Antonio Dupre; James Marinis; Lynda Savage; Elsa Valdez; Louis E. Yeager; E. Neal Roberts; James Kissinger; Joan E. Roberts; E. Colene Pate, Defendants–Appellees.

No. 01–56361.

D.C. No. CV–00–00055–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided May 16, 2002.

522

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.*

### MEMORANDUM **

David Child's ("Child") complaint filed on behalf of himself and his disabled son, Colin, alleged violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et. seq. ("IDEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), Title V of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. ("Rehabilitation Act") and the Civil Rights Act of 1871, 42 U.S.C § 1983, and sought money damages and other relief.

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court dismissed the complaint, without prejudice but without leave to amend, under Rule 12(b)(1) for lack of subject matter jurisdiction because administrative remedies had not been exhausted under the IDEA prior to bringing suit. Child has appealed only the district court's dismissal of his claims that he was retaliated against for advocating on behalf of the rights of himself and Colin. Child argues that the district court erred in dismissing his claims without leave to amend. He argues that he should be allowed to state at least claims under the ADA and Rehabilitation Act of 1973 for retrospective damages for personal injuries related to his allegation of retaliation. We agree.

■ Dismissal without leave to amend is improper "unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)). The IDEA requires that administrative appeal procedures be exhausted before seeking judicial review under it or other "Federal laws protecting the rights of children with disabilities ... seeking relief that is also available under this subchapter." 20 U.S.C. § 1415(*l*). Child could amend his complaint to allege only claims for damages for bad faith and malicious retaliation under the ADA and Rehabilitation Act. *See Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir.1998) (holding that compensatory damages are available under Title II of ADA and Rehabilitation Act for intentional discrimination). In *Witte v. Clark County School Dist.*, 197 F.3d 1271, 1276 (9th Cir. 1999), we stated that "[t]he [administrative] remedies available under the IDEA would not appear to be well suited to addressing past physical injuries adequately: such injuries are remedied through an award of monetary damages" by a court.

The same is true of the type of personal injuries for which Child would seek relief in his proposed, more limited, amended complaint. Such claims would not be requesting relief "also available under" the IDEA administrative scheme.

■ We have reviewed the defendants' alternative grounds for affirming the district court's judgment and conclude they lack merit. (1) Child's retaliation claims are not requests that we review a state court judgment. (2) Child has standing to bring these claims under the antiretaliation provisions of the ADA, 42 U.S.C. § 12203 (prohibiting interference with any individual on account of having aided any person in the exercise of any protected right), and the Rehabilitation Act, 28 C.F.R. § 42.503(b)(1)(vii) (unlawful to intimidate or retaliate "for the purpose of interfering with any right"). (3) Drawing every inference of fact in Child's favor, one may conclude that the ratification or authorization of the illegal actions by the board was not performed in any legislative capacity entitling the board to absolute immunity. (4) The allegation that the illegal actions were committed in a "course of conduct," "in bad faith and oppressively and maliciously," is sufficient to survive qualified immunity analysis at this stage of the litigation.

We reverse the decision of the district court dismissing the complaint without leave to amend and remand with instructions that it be dismissed with leave to amend. We express no opinion as to the merits of Child's retaliation claims.

REVERSED AND REMANDED